UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JAMES KARIM MUHAMMAD, | Case No. 16-cv-01153-EDL |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION TO DISMISS WITH LEAVE TO AMEND; ORDER REASSIGNING CASE** |
| NORTH RICHMOND SENIOR HOUSING, et al., | |
| Defendants. | |

On March 9, 2016, Plaintiff James Karim Muhammad filed a complaint and sought leave to proceed in forma pauperis ("IFP"). On March 16, 2016, pursuant to 28 U.S.C. § 1915, this Court granted Plaintiff's IFP request, and indicated that it would separately determine compliance with 28 U.S.C. § 1915(e)(2), which requires the court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous." See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) ("courts may dismiss frivolous actions filed in forma pauperis"). Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Here, Plaintiff purports to assert a "class of one" equal protection claim based on allegations that his rent was increased without proper notice and disproportionately in comparison to other renters. However, a "class of one" claim is not stated on these allegations and Plaintiff alleges no other illegal basis on which he was discriminated. See Vill. of Willowbrook v. Olech, 528 U.S. 562, 565 (2000) (Breyer, J., concurring) (noting "concern lest we interpret the Equal Protection Clause . . . in a way that would transform many ordinary violations of city or state law into violations of the Constitution"); Enquist v. Oregon Dep't. of Agric., 478 F.3d 985, 992 (9th Cir. 2007) (recognizing that courts "have 'struggled to define the contours of class-of-one cases'

because, unless constrained, the class-of-one theory of equal protection claim could provide a federal cause of action for review of almost every executive or administrative government decision" (quoting Jennings v. City of Stillwater, 383 F.3d 1199, 1210-11 (10th Cir. 2004))).

Accordingly, the Court recommends that the case be dismissed.  As Plaintiff is proceeding pro se, the Court recommends giving him an opportunity to amend his complaint.  Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling (415) 782-8982 or signing up for an appointment on the 15th Floor of the Courthouse, Room 2796. At the Legal Help Center, Plaintiffs may speak with an attorney who may be able to provide basic legal help, but not legal representation. The Court also urges Plaintiffs to obtain a copy of the Pro Se Handbook, available free of charge from the Court's website (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San Francisco, CA.

**IT IS SO RECOMMENDED.**

Dated:  April 21, 2016



ELIZABETH D. LAPORTE
United States Magistrate Judge