UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KARIM MUHAMMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH RICHMOND SENIOR HOUSING, et al.,<br><br>    Defendants. | Case No. 16-cv-01153-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Dkt. No. 18 |

## INTRODUCTION

Plaintiff James Karim Muhammad has filed a complaint against defendants North Richmond Senior Housing and Sheri Gaffney ("defendants") alleging elder abuse, wrongful eviction, seizure of property without just compensation, and discrimination. Defendants move to dismiss Muhammad's claims because they arise from a state unlawful detainer action that Muhammad has already tried, and failed, to remove to federal court and which resulted in his eviction in state court, that Muhammad has failed to state a claim of discrimination, and that this court lacks jurisdiction to hear Muhammad's claims. I agree and GRANT defendants' motion to dismiss WITH PREJUDICE. I VACATE the hearing because the legal issues are clear and further argument will not be helpful.

## BACKGROUND

Muhammad's complaint in this case is one in a series of attempts to obtain relief from an unlawful detainer action filed against him in Superior Court. *N. Richmond v. Muhammad*, Case No. RS13-1488 Superior Court for Contra Costa County.

(1) Muhammad removed the unlawful detainer case to federal court on January 21, 2014, but Judge Armstrong remanded it as removal was not timely and the court lacked subject

matter jurisdiction, *N. Richmond Senior Hous. v. Muhammad*, No. 14-cv-0299-SBA, 2014 WL 595867 (N.D. Cal. Feb. 02, 2014);

(2) He attempted to stay the unlawful detainer case by filing for Chapter 7 Bankruptcy, but the Bankruptcy Court concluded that defendants could pursue the unlawful detainer case without violating the stay, *In re James Karim Muhammad*, Bankruptcy Court, Northern Dist. Cal., Case No. 14-41311 CN;

(3) He filed an ex parte motion for an emergency protective order in the Northern District but this motion was dismissed for lack of jurisdiction, *In re James Karim Muhammad*, Case No. 15-mc-80070-JST, Dkt. No 3; and

(4) He removed the case a second time on February 10, 2015, but I remanded again, for lack of federal jurisdiction and because Muhammad's claims were frivolous. *Muhammad v. N. Richmond Senior Hous.*, No. 15-cv-00629-WHO, 2015 WL 1154209, *1-2 (N.D. Cal. Mar. 13, 2015).

Muhammad then filed this action on March 9, 2016, again challenging the legality of the unlawful detainer claim brought against him in Superior Court, and alleging a "class of one" equal protection claim. Complaint Dkt. No. 1. On April 21, 2016, Magistrate Judge Elizabeth Laporte issued a Report and Recommendation recommending that this case be dismissed with leave to amend on the basis that Muhammad had failed to allege sufficient facts to state a "class of one" equal protection claim. Dkt. No. 9. I adopted the Report and Recommendation on June 24, 2016, dismissed Muhammad's claim, granted leave to amend, and advised Muhammad to "describe the facts that lead him to believe that he has been intentionally treated differently than others and why there is no rational justification for difference in treatment." Dkt. No. 13 at 1. Muhammad filed his First Amended Complaint on July 28, 2014 and defendants moved to dismiss on August 24, 2014. I now GRANT defendants' motion to dismiss because this court lacks subject matter jurisdiction to hear Muhammad's claims and Muhammad has failed to allege an equal protection violation.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint

if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

## DISCUSSION

The majority of Muhammad's claims aim to challenge the outcome of the unlawful detainer case filed against him in Superior Court. First Amended Complaint ("FAC") ¶¶ 7-35, Dkt. No. 16. Under the *Rooker-Feldman* doctrine, district courts do not have jurisdiction to hear claims of this kind. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "[W]hen a losing plaintiff in state court brings a suit in

3

federal district court asserting as legal wrongs the allegedly erroneous legal rulings in the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003).  Muhammad's claims attempting to relitigate the merits of his unlawful detainer case, challenging the validity and constitutionality of the Superior Court proceedings, and contesting the validity of defendants' enforcement of the judgment against him must be dismissed.

Muhammad has failed to allege sufficient facts to sustain his remaining equal protection claim as he has not alleged facts indicating that there was no rational basis for the difference in treatment between him and the other tenants at North Richmond Senior Housing.  A "class of one" equal protection claim arises when a plaintiff is "intentionally treated differently than others similarly situated and that there is no rational basis for the difference in treatment." *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In my order adopting Judge Laporte's Report and Recommendation, I suggested that Muhammad provide additional details and facts explaining what "leads him to believe that he has been treated differently than others and why there is no rational justification for this difference in treatment." Dkt. No. 13 at 1.

In his First Amended Complaint Muhammad alleges that the defendants "discriminated against plaintiff, James karim Muhammad by singling him out from the other approximately 49 residents to pay $684.00 per month as rent while only requiring the remaining 49 residents to pay 30% of their income as rent." FAC ¶ 38.  While this allegation indicates that Muhammad was treated differently than the other residents at North Richmond, it does not indicate that these residents were similarly situated, or that there was no rational basis for the difference in rents among the residents.

A letter from Sheri Gaffney, which Muhammad attached to his original complaint, indicates that North Richmond residents' rent is determined on a case-by-case basis, based on their family income and composition, and that residents must comply with HUD requirements to obtain monthly rental assistance. Dkt. No. 1 at 19.  In the letter, sent to Muhammad shortly before his rent increased, Gaffney advises Muhammad to "Please visit the site office within 7 days of receipt of this notice to sign and receive a copy of the HUD-50059." *Id.*  She also notes that this form

4

"must be signed," and explains that it "provides the information on your income that we used to calculate your new rent and amount of rental assistance, if any, that HUD pays monthly on your behalf." *Id*. This letter indicates that the rents at North Richmond are determined on a case-by-case basis, based on the information residents supply in their HUD-50059 forms, in line with HUD guidelines. It also indicates that Muhammad had not yet supplied this necessary information shortly before his rent increased. *Id.*

While it cannot be conclusively determined from Muhammad's pleadings, the documents Muhammad attaches to his own complaint indicate that his rent possibly increased because he failed to timely submit a HUD-50059 form to his landlord. Muhammad's failure to submit a necessary form would certainly be a rational basis for North Richmond to raise Muhammad's rent but not others'. Further, as the letter from Gaffney indicates that rent and the level of HUD assistance is determined on an individualized basis, Muhammad's allegation that his rent increased while others did not is not sufficient to state a "class of one" discrimination claim, as there are many reasons that rent would vary among the residents.

Muhammad's conclusory allegation that defendants' discriminated against him and singled him out with no rational basis is not sufficient to state a claim for relief. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). He did not respond to defendants' motion to dismiss on this issue, which I consider to be a concession that his real intent in filing this case was to attack the underlying eviction, which for the reasons stated earlier and in the other cases he has filed he cannot do in federal court. Muhammad has failed to state an equal protection claim and his claim must be dismissed under 12(b)(6).

## CONCLUSION

For the reasons outlined above, I GRANT defendants' motion to dismiss Muhammad's First Amended Complaint.

Muhammad's claims are dismissed WITH PREJUDICE. I have already granted Muhammad leave to amend his complaint. In determining whether to grant further leave to amend

a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989). Muhammad's complaint appears to be another in a series of attempts to appeal or avoid the unfavorable unlawful detainer action brought against him in Superior Court. I, and several of my colleagues in this district, have already determined that he cannot litigate these claims in federal court. He has failed to allege sufficient facts to sustain his claims despite leave to amend. I conclude that further amendment would be futile.

**IT IS SO ORDERED**.

Dated: October 3, 2016



WILLIAM H. ORRICK
United States District Judge